# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

EDDIE ROBINSON, as personal
representative of the Estate of
Arline Robinson,

    Plaintiff,

vs.                               CASE NO. CV-06-J-1622-S

MERCK & CO., INC., et al.,

    Defendants.

## MEMORANDUM OPINION

Pending before the court are a motion to stay by defendant Merck & Co., Inc. (doc. 4), motions to dismiss by defendants Brian Roundtree, Kelly Rigdon and Adam Goldweber (docs. 5-7), an emergency motion to remand by plaintiff (doc. 10), plaintiff's opposition to defendants' motions to dismiss (doc. 12), plaintiff's opposition to defendant Merck's motion to stay (doc. 13), defendant Merck's opposition to plaintiff's motion to remand (doc. 14, and defendant Merck's reply to plaintiff's opposition to motion to stay (doc. 15).  The court has considered each of the above motions, oppositions, and evidence submitted by the parties.

Each of the above motions turns on the issue of whether the named individual defendants were "only conduits through which faulty information is supplied by one person to a third person..." or whether these individual defendants knowingly and in

bad faith misrepresented the safety of the drug Vioxx. *Legg v. Wyeth*, 428 F.3d 1317, 1323-1324 (11th Cir. 2005). In his complaint, the plaintiff alleges that:

> ... the sales representative Defendants personally participated in the torts alleged herein. The sales representative Defendants had knowledge of the cardiovascular risks associated with Vioxx®, and misrepresented and/or concealed the nature of these risks to the public, the Plaintiff, and to Plaintiff's physician. The sales representative Defendants were not acting as mere conduits, because they had knowledge that the information conveyed to Plaintiff, the public and to Plaintiff's physician was false.

Complaint, ¶ 46. The plaintiff also alleges that Merck's "sales representatives knew, as early as 1996, but no later than 2000, that severe cardiovascular risks, and increased clotting, were associated with Vioxx. Complaint, ¶ 85.

In response and in support of defendant Merck's Notice of Removal, individual defendants Goldweber, Rigdon and Roundtree each submitted affidavits. Notice of Removal, exhibit E. Conspicuously missing from each of these affidavits is any sworn statement that the affiants did not have knowledge of the risks associated with the drug at the time they were promoting these drugs to plaintiff's physician.

The complaint states causes of action against the individual defendants for negligence, wantonness, fraud-misrepresentation and fraud-suppression. The complaint alleges that the individual defendants intentionally and fraudulently misrepresented the safety of Vioxx. Complaint, ¶ 80.

The Notice of Removal asserts that this court has jurisdiction because the individual defendants, three of whom are Alabama residents, were fraudulently joined. The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse parties, as alleged by the defendant. Joinder is fraudulent when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993).

> "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

Defendant Merck's argument on why the individual defendants are fraudulently joined states that these sales representatives "made no knowing misrepresentations to Plaintiff, Plaintiff's decedent or Plaintiff's physicians about Vioxx and did not conceal any material information about Vioxx." Notice of Removal, ¶ 30. However, this is not what the affidavits submitted by Merck in support of its Notice of Removal

state. Rather, no mention is made as to concealment of information in any of the affidavits, nor is there any mention as to these defendants' actual knowledge as to the dangers of Vioxx at the time they were charged with promoting it to physicians.

To find joinder proper, the court need only find that the plaintiff has a has the possibility of stating a valid cause of action against the non-diverse defendants. *Triggs*, 154 F.3d at 1287. The Eleventh Circuit has recently refined this "possibility" by stated that the potential for legal liability "must be reasonable, not merely theoretical."[1] *Legg*, 428 F.3d at 1325 n. 5; (*quoting Great Plains Trust Co. V. Morgan*

---

[1] The Court in *Legg* draws the conclusion that "Plaintiffs have not presented any evidence that Weaver knew of any valvular heart disease risk, nor have Plaintiffs presented any evidence to support the allegation that Weaver should have known this risk. Without this evidence, there is no reasonable possibility that an Alabama court would conclude that Weaver personally breached a duty to the Plaintiffs." *Legg*, 428 F.3d at 1324. This court notes the vast difference between the plaintiff presenting evidence of breach of a duty and stating a valid cause of action, as required by *Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir.1998); and *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993). The law of this Circuit concerning the standard to apply when considering claims of fraudulent joinder has been stated as "[W]here a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998). That case further stated that "[i]n a fraudulent joinder inquiry, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Pacheco de Perez*, 139 F.3d at 1380 - 1381, (quoting *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997).

*Legg* seems to state that this court must now weigh the evidence presented by the plaintiff on a motion to remand to evaluate the viability of the plaintiff prevailing on a stated claim. Since Legg was published, the Eleventh Circuit has reiterated the standard as being that of "establishing a cause of action" and placing the burden on the defendant to show "no possibility the plaintiff can establish a cause of action against the resident defendant." *See Henderson v. Washington Nat. Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir.2006). In *Henderson*, the Eleventh Circuit concludes that:

> Recalling the standard for our review of a motion to remand a case on fraudulent joinder grounds, we may deny the motion only if the defendants have proven by

*Stanley Dean Whitter & Co.*, 313 F.3d 305, 312 (5th Cir.2002)). By affidavits, the individual defendants admit that they promoted Vioxx to physicians based on information provided to them by defendant Merck. *See e.g.*, Affidavit of defendant Goldweber, ¶ 3. Additionally, they each state that "I was not expected to review independent scientific studies published in journals unless Merck supplied them to me." *Id.*; affidavit of Rigdon, ¶ 3; affidavit of Roundtree, ¶ 3. None of these defendants state that they were not supplied such information about Vioxx.

To establish misrepresentation under Alabama law, irrespective of whether the misrepresentation was made willfully, recklessly, or mistakenly, the plaintiff must prove (1) a false representation, (2) that the false representation concerned an existing material fact, (3) that the plaintiff relied on the false representation, and (4) that the plaintiff was damaged as a proximate result of the reliance. *Chase v. Kawasaki Motors Corp*, 140 F.Supp.2d 1280, 1291 (M.D.Ala.2001). The fact that the representation was made to a different individual than the one suffering the injury is not fatal to a claim for misrepresentation under Alabama law. *See Thomas v.*

---

clear and convincing evidence, *see Parks,* 308 F.2d at 478, that there is "*no possibility*" that Henderson "can establish a cause of action against the resident defendant [Haney,]" *Crowe,* 113 F.3d at 1538 (emphasis added). After examining Henderson's complaint, and even assuming *arguendo* a fraudulent concealment requirement exists, we are unable to say that there is "no possibility" that the Alabama state court would find that Henderson has sufficiently pled a case for tolling.

*Henderson*, 454 F.3d at 1283.

*Halstead*, 605 So.2d 1181, 1184 (Ala.1992) ("if a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place"); *Chase*, 140 F.Supp.2d at 1291, n. 8 ("The court notes that under Alabama law it is not always required that a plaintiff prove that a misrepresentation was made directly to him, so long as his injuries resulted from the misrepresentation"). Thus "there is a duty not to make a false representation to those to whom a defendant intends, for his own purposes, to reach and influence by the representation." *Wheelan v. Sessions*, 50 F.Supp.2d 1168, 1174 (M.D.Ala.1999) (quoting *Colonial Bank of Ala. v. Ridley & Schweigert*, 551 So.2d 390, 396 (Ala.1989).

The individual defendants affidavits before this court do not establish that any or all of them were "innocent conduits" through whom information passed. The plaintiff alleges, and the defendants do not dispute, that the individual defendants made representations to physicians, including plaintiff's for the purpose of inducing plaintiff's physician to prescribe Vioxx to plaintiff. The plaintiff alleges, and defendants do not dispute, that individual defendants had financial incentives for such actions. Such a situation is clearly within Alabama law on third party standing in misrepresentation cases. "[T]he entire basis for third party standing in misrepresentation cases is that the deceiver contemplated that the third party would

be induced to act by the deceiver's misstatements made to someone else." *Chase*, 140 F.Supp.2d at 1293, citing *Sims v. Tigrett*, 229 Ala. 486, 158 So. 326, 330 (1934). *See also Ex parte Grand Manor Inc.*, 778 So.2d 173, 182 (Ala.2000) ("If the fraudulent statement is made with the intent and expectation that the one to whom it is made will pass the statement on to the plaintiff, then the plaintiff is entitled to rely on that statement, even if it is not made personally or directly to the plaintiff"); 37 Am.Jur.2d § 292 ("Third parties may recover damages for a fraudulent misrepresentation if they can establish that they relied upon the misrepresentation to their detriment and that the defendant intended the misrepresentation to be conveyed to them"). The court is therefore of the opinion that the plaintiff has stated a cause of action for misrepresentation against the non-diverse defendants.

Under Alabama law, this meets the requirement of "a possibility" of stating a valid cause of action. That is all that is necessary for joinder not to be fraudulent. Having found that the plaintiff has stated a claim against the non-diverse defendants, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"). Thus, the court finds that the joinder was proper and must remand the case to the state court. *See Coker,* 709 F.2d at 1440-41.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall grant the plaintiff's motion to remand this case to the Circuit Court of Jefferson County, Alabama, by separate Order.

**DONE** this the 7th day of September, 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE